Weston, J.
(dissenting and voting to affirm the final judgment in the following memorandum). It is undisputed that tenant submitted two sets of renovation plans for approval. The initial plan was approved by landlord, which permitted plumbing work to be performed on the premises. The second plan, which requested installation of a dishwasher, was not approved at the time tenant had it installed. Landlord commenced this holdover proceeding when tenant failed to timely cure the default. Summary judgment was granted to landlord, and attorney’s fees were subsequently awarded. Tenant’s present appeal, in which he is represented by counsel, is limited to the judgment of possession.
Landlord’s submissions are sufficient to entitle it to judgment as a matter of law and to warrant the dismissal of tenant’s affirmative defenses. Paragraph 18 (c) of the proprietary lease grants landlord the authority to remove any “appliances” that shall, in the landlord’s “sole judgment,” result in damage to the building, including “overloading of, or damage to facilities maintained by [landlord] for the supplying of water, gas, electricity or air conditioning to the building.” Paragraph 21 (a) of the lease further provides that tenant
*40 “shall not, without first obtaining the written consent of [landlord], which consent shall not be unreasonably withheld or delayed, make in the apartment . . . any alteration of or addition to the water, gas, or steam risers or pipes, . . . plumbing fixtures, ... or any other installation or facility in the apartment.”
Reading these provisions together, it is clear that tenant was required to seek landlord’s approval before installing the dishwasher, and that landlord had exclusive discretion to deny such installation as detrimental to the building. Although landlord had approved tenant’s plumbing modifications in his initial plan, nothing in that plan mentioned the installation of a dishwasher. By submitting a separate plan for the installation of a dishwasher, tenant acknowledged that the installation required permission.
Nevertheless, tenant claims that landlord had unreasonably withheld that permission. The fact that landlord did not render a determination on the installation of the dishwasher as quickly as it did on the initial plan for plumbing modifications does not suggest an unreasonable delay. Even if such delay were unreasonable, nothing in the proprietary lease authorizes tenant to make an alteration that is otherwise prohibited by the lease.
Finally, to the extent tenant claims that an issue of fact remains as to whether installation of the dishwasher would adversely affect the building, I disagree. The clear wording of the proprietary lease vests landlord with “sole judgment” to remove any appliances which it deems to be adverse to the building. Since landlord, in denying the installation of the dishwasher, was acting for the purpose of the cooperative and within the scope of its authority under the proprietary lease, I see no reason to disturb landlord’s denial (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [2003]).
Accordingly, I vote to affirm the final judgment.
Pesce, P.J., and Solomon, J., concur; Weston, J., dissents in a separate memorandum.